*In re* FORT CHARTRES AND IVY LANDING DRAINAGE AND LEVEE DISTRICT (Commissioners of Fort Chartres and Ivy Landing Drainage and Levee District, Petitioners-Appellee, v. Lilburn Doiron *et al.*, Objectors-Appellants).

Fifth District   No. 5—84—0031

Opinion filed February 28, 1985.

Nehrt, Sachtleben, Fisher & Smith, of Chester (David R. Smith, of counsel), for appellants.

Michael V. Frierdich and Arthur W. Morris, both of Frierdich and Buser, of Columbia, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Twelve landowners have appealed from an order entered on September 16, 1981, by the circuit court of Monroe County. The appellant landowners are: Lilburn Doiron, William G. Laurent, Morris Webb, Loren Brown and McKinley Brown as trustees of the Cora L. Ohms Trust No. 1, George DuFrenne, Mary L. Bise, Elmer Nevois, Addie Owen, Weldy Laurent, August Allard, and Claud J. Watters. The order appealed from dismissed the landowners' objections to the district's petition filed pursuant to the Illinois Drainage Code (Ill. Rev. Stat. 1983, ch. 42, par. 1—1 *et seq.*) for authority to levy an annual maintenance assessment. The order also granted the district the authority to change its method of assessment and to base the annual maintenance assessment on the value of the property within the drainage district as reflected in the current assessment books prepared by the county assessors of Monroe and Randolph counties.

On October 4, 1978, the district filed a petition in the circuit court of Monroe County seeking an increase in the district's annual maintenance assessment. The petition also sought court authorization to change the method of assessment and base the annual maintenance assessment on the value of the property within the drainage district as reflected in the current assessment books prepared by the county assessors of Monroe and Randolph counties. In an order entered that same day, the circuit court set the petition for hearing at 9 a.m. on November 6, 1978. Notice of the hearing was given in the appropriate manner. For some reason which does not appear of record, no hearing was held on November 6, 1978. The matter was reset for hearing at 10 a.m. on September 10, 1981; and prior to the time set for hearing, objections were filed. On the day of the hearing, the district filed a motion to dismiss those objections on the grounds that the objections were premature. After hearing the arguments of counsel for both the district and the objectors, the circuit court granted the district's motion and dismissed the objections. The circuit court also ordered that the method of assessment be changed as requested. The objectors filed a timely post-trial motion which was denied by the circuit court in an order entered on December 12, 1983. The objectors subsequently perfected this appeal.

Whenever the commissioners of a drainage district determine that it is necessary to levy an annual maintenance assessment for the performance of maintenance work within the district or to increase an existing annual maintenance assessment, the commissioners shall file a petition in the circuit court for the county in which the district is organized for the authority to levy or increase the assessment. (Ill.

Rev. Stat. 1983, ch. 42, par. 4—19.) The contents of the petition are governed by statute which provides in pertinent part:

> "The petition shall contain the following (or so much thereof as may be applicable): (a) a general description of any work or changes proposed to be undertaken; (b) a general description of any equipment proposed to be purchased, acquired, leased, maintained or operated; (c) a statement showing the necessity for or advisability of the levy of the assessment or the exercise of such powers; (d) such plans, profiles or specifications as may be necessary; (e) a description of any lands, rights-of-way or other property which they deem it necessary to acquire for such work; (f) an estimate of costs, including an estimate of any increase or decrease in costs occasioned by any proposed change; (g) the amount of the assessment proposed to be levied, if any; (h) a statement that the benefits to the lands and other property in the district from the proposed work or the exercise of the power or powers proposed exceed the cost to such lands and other property; (i) a request for authority to exercise such powers and to do the acts proposed; (j) a request for authority to levy the proposed assessment; and (k) any other matters which the commissioners may deem pertinent." (Ill. Rev. Stat. 1983, ch. 42, par. 4—19.)

The district filed such a petition in this case, requesting the authority to increase the annual maintenance assessment and to change its method of assessment. The petition was set for hearing as required by statute (Ill. Rev. Stat. 1983, ch. 42, par. 4—20), and the notice of hearing required by statute was given (Ill. Rev. Stat. 1983, ch. 42, pars. 4—21, 4—22). Section 4—23 of the Illinois Drainage Code authorizes any landowner within the district to file an objection to such a petition at any time prior to the time set for the hearing. The objections filed by the landowners herein were apparently so intended.

▮▮ Although the petition filed by the district had sought an increase in the annual maintenance assessment, at the hearing on that petition the district withdrew its request for such an increase and sought only an authorization for the requested change in method of assessment. The district argues that once its request for an increase in the annual maintenance assessment was withdrawn, there remained nothing to which the landowners could object. We do not agree. The district included in its petition a request for authority to change its method of assessment and base the existing annual maintenance assessment on the value of the property within the drainage district as reflected in the current assessment books prepared by the

county assessors of Monroe and Randolph counties. The objectors as landowners in the district are entitled to file any objections to such petition as they desire.

The district contends that it did not require court authorization to change its method of assessment and that any objections thereto could be made only pursuant to section 5—20 of the Illinois Drainage Code (Ill. Rev. Stat. 1983, ch. 42, par. 5—20) at the time of the yearly levy for the annual maintenance assessment. For these reasons the district claims the landowners' objections were premature. The flaw in the district's argument is that it overlooks the language of section 5—19 of the Illinois Drainage Code which provides that "the annual maintenance assessment roll *** shall continue as an annual charge against the lands and other property included therein until increased, reduced, appealed or otherwise changed or a new annual maintenance assessment levied in lieu thereof, as provided in this Act." (Ill. Rev. Stat. 1983, ch. 42, par. 5—19.) The effect of the district's requested change in method of assessment is to adopt as the annual maintenance assessment roll the assessment books prepared by the county assessors of Monroe and Randolph counties. That change may be accomplished only by the filing of a petition under section 4—19 of the Illinois Drainage Code and the giving of statutory notice. The Drainage Code contemplates that objections may be filed to such petition. (Ill. Rev. Stat. 1983, ch. 42, par. 4—23.) The commissioners have no authority to impose any liability on the landowners within the district except upon a hearing before the court, and the landowners as such have the right to be heard at every stage of the proceedings. (*Corcoran v. Mud Creek Drainage District* (1929), 336 Ill. 211, 220-21, 168 N.E. 509, 513.) Consequently, the circuit court erred by dismissing the landowners' objections to the district's petition.

Accordingly, we vacate the order of the circuit court dismissing the landowners' objections and granting the district the authority to change its method of assessment. This cause is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

JONES, P.J., and WELCH, J., concur.